IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMOTHY J. MCNARY and <br> SHARON MCNARY, <br><br> Plaintiffs, <br><br> v. <br><br> COTTRELL, INC., CASSENS CORPORATION, KURT MUSKOPF, PROREHAB, P.C., and UNKNOWN OWNERS/LESSOR OF TRAILER NUMBER 76288, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 09-cv-0640-MJR <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

MEMORANDUM AND ORDER

REAGAN, District Judge:

A.   Introduction

On February 23, 2009, Timothy and Sharon McNary filed suit in Illinois state court against Kurt Muskopf, seeking damages related to an accident that allegedly occurred in the course of Timothy McNary's employment as a car hauler driver. The McNarys alleged that Muskopf's functional capacity evaluation of Timothy McNary distorted and misrepresented McNary's physical capacities. Doc. 2-2, p. 1. *et seq.* They claimed that, as a result, McNary's physician terminated further medical treatment and determined that he was able to return to full-duty work. According to the McNarys, Timothy McNary was unable to return to his position as a car hauler driver and was forced to seek employment elsewhere, a search which netted him no comparable employment. Timothy McNary sought damages in excess of $50,000 for

loss of benefits from his employment and loss of employment opportunity as well as pain and mental anguish; Sharon McNary sought in excess of $50,000 for loss of consortium.

On June 3, 2009, the McNarys filed an amended complaint (Doc. 2-2, p. 16, *et seq.*), which added claims against Cottrell, Inc., (strict liability, negligence, warranty, and willful and wanton disregard for safety), Cassens Corporation (negligence - direct liability, breach of contract, violation of the Consumer Fraud and Deceptive Business Practices Act, equitable estoppel, fraud, and willful and wanton disregard for safety) and Unknown Owners/Lessor of Trailer Number 76288 (strict liability, negligence, warranty, and willful and wanton disregard for safety). An additional count for willful and wanton disregard is lodged against Cottrell, Cassens and Unknown Owners/Lessor, alleging that they placed known dangerous and defective equipment into the stream of commerce in order to reap large profits while disregarding injuries as minor business expenses. Muskopf and ProRehab are sued for willful and wanton disregard, negligence, fraud, violation of the Consumer Fraud and Deceptive Business Practices Act and civil conspiracy.

On August 20, 2009, Cottrell removed the action to this federal district court, alleging that the citizenship of nondiverse Defendants Cassens and Muskopf must be disregarded because they were fraudulently joined.[1]

---

[1]The record shows that, for diversity purposes, the McNarys are citizens of Illinois, while Cottrell is a citizen of Georgia, ProRehab, a citizen of Missouri, Cassens, a citizen of Illinois, and Muskopf, a citizen of Illinois. The Court notes that the parties do not dispute that an amount in excess of $75,000, exclusive of interest and costs, is in controversy. *See Meridian Sec. Ins. Co. v.*

The McNarys' motion to remand the action to state court and for an award of attorney's fees is fully briefed and ready for disposition (Docs. 18, 37, 39).

B.  **Standard for Fraudulent Joinder**

Courts presume that a plaintiff's choice of forum is valid and resolve all doubts regarding jurisdiction in favor of remand. *See Doe v. Allied-Signal Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). As an out-of-state Defendant seeking removal, Cottrell must clear a high hurdle to show that the McNarys fraudulently joined Muskopf and Cassens. The Seventh Circuit has noted:

> An out-of-state defendant who wants to remove must bear a heavy burden to establish fraudulent joinder. The defendant must show that, after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant.

*Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992).[2]

In *Schwartz v. State Farm Mutual Auto Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999), the Seventh Circuit explained that although a plaintiff is normally free to choose his own forum, he may not join an in-state defendant *solely* to defeat federal diversity jurisdiction. "Such joinder is considered fraudulent, and is therefore disregarded, if the out-of-state defendant can show there exists no 'reasonable possibility that a state court would rule against the [in-state] defendant.'" *Id.*

---

*Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006). *See also Andrews v. E.I. Du Pont De Nemours & Co.*, 447 F.3d 510, 515 (7th Cir. 2006).

[2] An alternative test looks for outright fraud in plaintiffs' pleading of jurisdictional facts. *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993); *Hoosier Energy Rural Elec. Cooperative, Inc. v. Amoco Tax Leasing IV Corp.*, 34 F.3d 1310, 1315 (7th Cir. 1994). The Court finds no evidence of such fraud in the pleading of jurisdictional facts here.

(quoting *Poulos*, 959 F.2d at 73). In other words, the federal district court must determine whether the plaintiff can state a cause of action against the nondiverse defendant. *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 328 (7th Cir. 1993).

As required by 28 U.S.C. § 1332, complete diversity of citizenship means that "none of the parties on either side of the litigation may be a citizen of a state of which a party on the other side is a citizen." *Howell v. Tribune Entertainment Co.*, 106 F.3d 215, 217 (7th Cir. 1997). Here, it is undisputed that Plaintiffs, the McNarys, and Defendants, Muskopf and Cassens, are citizens of Illinois. Cottrell claims - and must bear the burden of establishing - that these Defendants were fraudulently joined.

C. <u>Timeliness of Removal</u>

On August 20, 2009, Cottrell removed the action to this District Court, invoking subject matter jurisdiction under the federal diversity statute, 28 U.S.C. § 1332. On threshold review, the Court found the parties to be completely diverse and set the matter for trial.

On September 8, 2009, the McNarys moved to remand this action to state court, contending that Cottrell's removal is untimely, that Defendants Muskopf and Cassens are not fraudulently joined and that Cottrell failed to comply with 28 U.S.C. § 1446(a).

Cottrell was served with the state court complaint on June 19, 2009 (*see* Exh. A to Doc. 18). Cottrell removed the action to this federal district court on August 20, 2009, approximately 60 days after service.

28 U.S.C. § 1446(b) requires that the removal notice be filed within 30 days after the defendant receives a pleading or paper from which it may be ascertained that the case is removable:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action." 28 U.S.C. § 1446(b); *Price v. Wyeth Holdings Corp.*, 505 F.3d 624, 630 (7th Cir. 2007).

The McNarys contend that Cottrell's removal is untimely because Cottrell could have ascertained that the case was eligible for removal by looking at the court file when it entered its appearance on July 17, 2009. The file contained Muskopf's April 30, 2009 motion to dismiss which was substantially similar to Muskopf's July 23, 2009 motion to dismiss, which Cottrell maintains triggered its removal of this action to federal court.

Contrary to the McNarys' assertions, the statute does not place the burden on Cottrell to scour the state court file for documents filed before it became a defendant. Rather, under the plain language of the statute, the clock begins to tick "within thirty days *after receipt* by the defendant" of a document from which it may be ascertained that the action is removable. *Poulos*, 959 F.2d at 71 (citing 28 U.S.C. § 1446(b) (emphasis added).

Cottrell removed this action within 30 days of Muskopf's filing his motion to dismiss on July 23, 2009. Because Cottrell removed within 30 days after receipt of

Muskopf's motion to dismiss, its removal was timely under § 1446(b). *See Sandage v. Cottrell, Inc.*, WL 2710647, *8 (S.D.Ill. 2006) ("The facts indicating that this case was removable were not made available to Cottrell until its receipt of Cassens & Sons' motion for summary judgment....").

    D.    <u>Common Defense Rule</u>

In evaluating improper joinder, the "common defense rule" mandates that "where there are colorable claims or defenses asserted against or by diverse and non-diverse defendants alike, the court may not find that the non-diverse parties were fraudulently joined based on its view of the merits of those claims or defenses. Instead, that is a merits determination which must be made by the state court." *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 113 (3d Cir.1990); *see also Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir.1998) (noting that the general test of fraudulent joinder is whether a non-diverse defendant has "no real connection with the controversy" and that "[t]here is a distinction" between an inquiry as to "whether the plaintiff truly [has] a cause of action against ... alleged sham defendants" and "an inquiry as to whether those defendants could propound defenses to an otherwise valid cause of action.") (additional citations omitted). In *Boyer*, the court found that remand to the state court was necessary because although the defendants' arguments for dismissal might be legally sound, they went to the merits of the case, rather than the issue of improper joinder. 913 F.2d at 112.

In the case *sub judice*, Cottrell contends that the McNarys have fraudulently joined Muskopf because their exclusive remedy for damages stemming

6

from Muskopf's work lies in workers' compensation. Cottrell also contends that the common defense rule only applies if *all* defendants share that defense, a prerequisite which cannot be met in this case.

The McNarys point out that ProRehab, a diverse Defendant, has defenses identical to those of Muskopf, and the end result of those defenses will be the same for both of them. They contend that, as a matter of law, it is impossible for Muskopf to be fraudulently joined in this case because the claimed basis for fraudulent joinder for Muskopf is identical to that of a diverse defendant.

Patently and undisputedly, Muskopf and ProRehab share the defense that the exclusive remedy for damages stemming from the McNarys' alleged damages lies in workers' compensation. Equally clearly, that defense is not available to *all* Defendants. The question then is whether the common defense rule applies if not all Defendants share that defense.

Cottrell is correct that the Seventh Circuit has not adopted the common defense rule, but courts within this District have applied it. The undersigned District Judge has reviewed cases dealing with the application of the rule in this District and finds the analysis compelling. As an example, the fraudulent joinder issue and the parties' arguments herein are closely analogous to those in *Hauck v. ConocoPhillips Co.*, 2006 WL 1596826 (S.D.Ill. 2006). In *Hauck*, the defendants urged that, under *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146 (1914), a claim of fraudulent joinder was improper if "it indicate[s] that the plaintiff's case [is] ill founded as to *all* the defendants." 2006 WL 1596826 at *7 (quoting *Cockrell*, 232 U.S. at 153-54)

(emphasis added in *Hauck*).  The Court did not believe that the correct interpretation of *Cockrell* was that the Court was free to make rulings dispositive of the liability of the diverse and non-diverse defendants in deciding whether the non-diverse defendant was fraudulently joined only because the plaintiff's claim against a third defendant would remain "unscathed."  *Id.* (**expressly declining to follow** *Boone v. Citigroup, Inc.*, 416 F.3d 382 (5th Cir.2005) **and** *Rainwater v. Lamar Life Insurance Co.*, 391 F.3d 636 (5th Cir.2004)).

The undersigned District Judge agrees with the reasoning set forth in *Hauck* that this position fundamentally misapprehends the meaning of a "case," which comprises - not all of the claims for relief asserted in a complaint - but any claim for relief asserted in a complaint - "although modern rules of civil procedure permit a plaintiff to join freely in a single complaint numerous claims for relief that arise from a common nexus of operative fact."  *See id.* (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966) (construing FED. R. CIV. P. 20).

As applied here, ProRehab and Muskopf share a common defense: for both Defendants, McNary's exclusive remedy lies in workers' compensation.  Whether this defense is case-dispositive is a merits determination which must be made by the state court.  That other Defendants - Cottrell, Cassens and Unknown Owners/Lessor - do not share this defense is irrelevant to the Court's determination of whether it possesses jurisdiction over this action.  In sum, where establishing fraudulent joinder of a non-diverse defendant also shows that no case exists against the diverse

defendant, no legitimate grounds exist to conclude that the non-diverse defendant is fraudulently joined.

### E. Attorney's Fees

The McNarys move for an order for attorney fees pursuant to 28 U.S.C. § 1447(c). The United States Supreme Court, in *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005), addressed this issue as follows:

> The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied. In light of these "large objectives," the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) *only where the removing party lacked an objectively reasonable basis for seeking removal*. Conversely, when an objectively reasonable basis exists, fees should be denied.

*Martin,* 546 U.S. at 140-41 (citations omitted) (emphasis added).

The Court concludes in its discretion that an award pursuant to section 1447(c) is not appropriate. There is no evidence that this case was removed for the purpose of prolonging litigation or increasing the McNarys' costs in prosecuting the case. Although the Court ultimately found unpersuasive the arguments and evidence offered in support of removal, the removal was not objectively unreasonable. Accordingly, the McNarys' request for fees will be denied.

F.  Conclusion

For the foregoing reasons, since the Court lacks subject matter jurisdiction, the McNarys' Motion to Remand (Doc. 18) is **GRANTED** in part and **DENIED** in part. The Court **GRANTS** remand of this case to the Circuit Court of St. Clair County, Illinois; the Court **DENIES** an award of attorney fees pursuant to 28 U.S.C. § 1447(c) because Cottrell's removal did not lack an objectively reasonable basis. *See Martin v. Franklin Capital Corp.,* 546 U.S. 132 (2005).

IT IS SO ORDERED.

DATED this 17th day of December, 2009.

        s/Michael J. Reagan  
        MICHAEL J. REAGAN  
        United States District Judge